# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY PINCKNEY, JR., ) | NO. CV 10-03348 VAP (SS) |
| Petitioner, ) | **ORDER ACCEPTING AND MODIFYING** |
| v. ) | **FINDINGS, CONCLUSIONS AND** |
| MAURICE JUNIOUS, Warden, ) | **RECOMMENDATIONS OF UNITED** |
| Respondent. ) | **STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all the records and files herein, the Amended Report and Recommendation of the United States Magistrate Judge (the "R&R"), and Petitioner's Objections (the "Objections"). After having made a <u>de novo</u> determination of the portions of the Amended Report and Recommendation to which Objections were directed, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge, as modified below.

Upon further review, the Court concludes that no state court "adjudicated on the merits" Petitioner's federal claim that the trial court violated his due process rights by failing to instruct the jury

on the lesser included offense of second degree murder. 28 U.S.C. § 2254(d). Accordingly, <u>de novo</u> review applies to Petitioner's claim. <u>See</u> <u>Williams v. Cavazos</u>, 646 F.3d 626, 641 (9th Cir. 2011). However, the Court agrees with the Magistrate Judge's ultimate recommendation to deny the Petition. Petitioner's claim fails, even under <u>de novo</u> review.

Petitioner first raised his claim in his direct appeal to the California Court of Appeal. (Lodgment 3, Appellant's Opening Brief ("Lodgment 3") at 8-25). Petitioner expressly invoked the federal nature of his claim by arguing that the trial court's failure to instruct on second degree murder violated his federal constitutional rights. (<u>Id.</u> at 23-25). The California Court of Appeal rejected his claim on the merits, but only addressed the claim under state law. (Lodgment 6, Unpublished Opinion of the California Court of Appeal ("Lodgment 6") at 4-7). Petitioner next raised his claim in his petition for review before the California Supreme Court. (Lodgment 7, Petition for Review ("Lodgment 7") at 3-21). Petitioner again invoked the federal nature of his claim by arguing that the trial court's failure to instruct on second degree murder violated his federal constitutional rights. (<u>Id.</u> at 20-21). The California Supreme Court denied Petitioner's petition for review without comment or citation to authority. (Lodgment 8, California Supreme Court Order ("Lodgment 8")).

Under these circumstances, the Court "look[s] through" the California Supreme Court's silent denial of Petitioner's claim to the last reasoned decision, the opinion of the California Court of Appeal, as the basis for the state court's judgment. <u>Williams</u>, 646 F.3d at 636.

1    Because the California Court of Appeal only addressed Petitioner's claim
2    under state law, the court of appeal did not adjudicate the federal
3    nature of Petitioner's claim. (Lodgment 6 at 4-7); Williams, 646 F.3d
4    at 636-41.  Thus, the Court concludes that the federal nature of
5    Petitioner's claim has not been adjudicated on the merits by any state
6    court and de novo review applies. Williams, 646 F.3d at 641.

8         Petitioner contends that the trial court was required to sua sponte
9    instruct the jury on second degree murder. (Petition at 5).  However,
10   no evidence presented at trial would have allowed a reasonable jury to
11   conclude that Petitioner killed the victim with malice, but without
12   premeditation and not while committing rape, as required for second
13   degree murder.  (R&R at 13-14).  The jury heard testimony that the
14   victim's body was discovered partially clothed and gruesomely beaten.
15   (R&R at 18-19).  There was evidence that a witness saw the victim being
16   forced into a vehicle by two men a few hours before her body was found.
17   (Id. at 19).  Petitioner's semen was found in the victim's vaginal swab
18   and his palm print was found on a bench containing the victim's blood.
19   (Id.).  Semen found in the victim's anal swab was from an unknown male
20   and Petitioner was excluded as a donor of that semen.  (Id.).  The jury
21   also heard evidence that Petitioner could not explain how his semen came
22   to be inside the victim or how his palm print was left on the bench.
23   (Id.).  Based on this evidence, a reasonable jury simply could not have
24   concluded that Petitioner murdered the victim with malice, but without
25   premeditation and not while in the commission of a rape.  (Id.).  Thus,
26   the Court concludes that Petitioner's claim fails under de novo review.

Finally, at page 18, lines 7-8, the citation to "People v. Anderson, 141 Cal. App. 4th 430, 444-48, 45 Cal. Rptr. 3d 910 (2006)" is corrected to read, "Anderson, 141 Cal. App. 4th at 444-48."

**IT IS ORDERED** that the Petition is denied and Judgment shall be entered dismissing this action with prejudice.

**IT IS FURTHER ORDERED** that the Clerk serve copies of this Order and the Judgment herein on Petitioner and counsel for Respondent.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 5, 2011

_____
VIRGINIA A. PHILLIPS
UNITED STATES DISTRICT JUDGE